[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Nature of Proceedings and Facts
The plaintiff, referred to anonymously in his verified complaint as John Doe, is an attorney licensed to practice law in the State of Connecticut. Sometime between August 31, 1993 and September 2, 1993, a local grievance panel determined that there was no probable cause to believe that the plaintiff was guilty of a grievable offense. On December 16, 1993, the Statewide Grievance Committee informed the plaintiff that it believed that there was CT Page 11020 probable cause notwithstanding the local panel's determination. On February 8, 1994, the Statewide Grievance Committee scheduled a hearing before a reviewing committee which hearing was to be held on March 9, 1994. At the hearing on March 9th the plaintiff moved the reviewing committee to dismiss the complaint claiming that the hearing was not held in a timely manner as required by Conn. General Statutes §§ 51-90g(c) and 51-90g(g) and Practice Book §§ 27J(e) and 27J(i).
Discussion
The plaintiff's contention is that the defendant failed to act within the four months prescribed for action by the Statewide Grievance Committee in § 27J(i) and Conn. General Statutes § 51-90g(g). Both the Practice Book section and the statute provide that if the Statewide Grievance Committee does not assign a complaint to a reviewing committee, it shall have 120 days from the date of the panel's determination concerning probable cause within which to render a decision on the matter. The court recognized that the Practice Book gives the committee "120 days" and that the statute speaks in terms of "four months". The court further recognizes that the Practice Book section is applicable when the grievance committee "does not assign a complaint to a reviewing committee" and that the statute is applicable "when the committee conducts a hearing or hearings under this section." For purpose of the present action there is no significant difference between the statute and the Practice Book rule.
Both the statute, in § 51-90g(c), and the Practice Book, in § 27J(i), specifically provide that the failure of a reviewing committee or subcommittee to complete its action within the period of time required shall not be cause in and of itself for dismissal of the complaint. The protection against dimissal [dismissal] for failure to act is hereinafter referred to as the saving language.
Reduced to its most basic terms the court understands the respondent's position to be that the Statewide Grievance Committee neither acted within 120 days nor referred the matter to a reviewing committee within 120 days. The respondent argues that since the failure was by the Statewide Committee, and not by a reviewing committee, the saving language is not applicable to this action. The respondent then appears to rely on the Superior Court decision in Statewide Grievance Committee v. Dunham,2 C.S.C.R. 1066
(No. 046204, September 25, 1987 (Litchfield, Judge Gill)) for the proposition that the failure to comply with required time CT Page 11021 limits, at least absent the saving language pertaining to reviewing committees, mandates the dismissal of the action and is a violation of the respondent's constitutional rights.
As the court understands the respondent Statewide Grievance Committee's position, reduced to its simplest terms, it argues that the matter was referred to a reviewing committee and therefore the 120 day time limit for action by the Statewide Grievance Committee is not the issue before this court.
Finally, the Statewide Grievance Committee argues that either the court is faced with untimely action by a reviewing committee and in the absence of a specific showing of harm, this action does not warrant dismissal, or the court is faced with untimely action by the Statewide Grievance Committee and relying on StatewideGrievance Committee v. Zbigniew Rozbicki, 211 Conn. 232 (1989), the respondent is not entitled to a dismissal absent a showing of prejudice.
The court has carefully reviewed Statewide Grievance Committeev. Zbigniew Rozbicki, 211 Conn. 232 (1989); Statewide GrievanceCommittee v. Carl M. Dunham, 2 C.S.C.R. 1066 (046204, September 25, 1987 (Litchfield, Judge Gill)); and In Re Thalheim, 853 F.2d 383
(5th Cir. 1988), all of which have been cited to it by the respondent. The court is of the opinion that Dunham, if applied to the facts before it, might entitle the respondent to relief. However, the court is equally of the opinion that to the extentDunham would entitle the respondent to relief, the relief offered therein is broader than that recognized by Chief Justice Peters in her opinion in Rozbicki.
The Chief Justice first recognized the traditional role of attorney disciplinary procedures in the following language:
 "It is important, at the outset, to emphasize that the rules regulating attorney grievance procedure exist within the broader framework of the relationship between attorneys and the judiciary. `The practice of law is . . . a profession the main purpose of which is to aid in the doing of justice. . . .'" [citations omitted]. Rozbicki, at 237.
The opinion then continued by emphasizing the Supreme Court's reluctance to dismiss grievance procedures on technicalities with CT Page 11022 the following language:
 "The regulation of attorney conduct is therefore within the court's inherent authority. Section 51-90g and the parallel Practice Book rules authorize the Grievance Committee to act as an arm of the court in fulfilling this responsibility. Requiring the Grievance Committee to dismiss a complaint whenever the review subcommittee has failed to act in a timely manner, with no discretion to pursue another course of action if appropriate, would frustrate the purpose of attorney grievance procedures and run counter to the special supervisory roles of the courts in regulating attorney conduct. We will, therefore, require such action only if specifically so directed by section 51-90g(c)." Rozbicki, at 239.
Finally, the court reasoned:
 "In granting the Grievance Committee discretion to pursue the appropriate course of action when a delay occurs, the statute did not authorize nullification of its mandatory time constraints." Rozbicki, at 241.
However, while the Supreme Court agreed with Attorney Rozbicki that the time constraints were mandatory, it concluded that in the absence of a showing of prejudice, failure to follow them did not warrant dismissal of the grievance. The opinion stated:
 "The Grievance Committee contends, nevertheless, that the trial court erred in concluding that the subcommittee's failure to comply with the mandates of section 51-90g(c) deprived the trial court of subject matter jurisdiction. We agree with the Grievance Committee." Rozbicki, at 242.
In Rozbicki, at footnote 6, the court made it clear that either on a theory of lack of jurisdiction or a theory of constitutional violation of rights, the defendant was only entitled to a dismissal if he could allege and prove that the delay was CT Page 11023 prejudicial to him. In that footnote the court reserved to another day whether the resolution of grievance procedure delays could be so prejudicial that they implicate due process rights of an attorney charged with professional misconduct. In the present case the court sees no claim of prejudice that is substantially different from the delay complaints of Rozbicki.
This court acknowledges that the Rozbicki case dealt with the failure to timely act by a reviewing committee while the present case, at least in the respondent's view of it, deals with the failure of timely action by the Statewide Grievance Committee. Today, failure to act by a reviewing committee might be argued to produce different results than failure to act by the Statewide Grievance Committee because of the savings clause, specifically applicable only to reviewing committee action, found in both the statute and the Practice Book rule. However, it must be noted that the savings clause was added after the action complained of inRozbicki and was not the basis of the court's decision. Indeed, the decision finds support for its interpretation by the subsequent enactment of Public Act 88-152. The Chief Justice, in her opinion, concludes that the savings clause added by the public act did not change the existing law, but was a legislative interpretation of the original act. Rozbicki, at 244, 245.
Because the court concludes that under the applicable law as set forth in Rozbicki, the respondent will not be able to succeed on the merits of the case, the court refuses to enjoin the Statewide Grievance Committee or any of its reviewing committees or panels from taking further action on Grievance Complaint #92-1073.
The court did agree with the respondent that the proceedings against him would be confidential unless and until probable cause was found. The court recognized that the respondent's claim was that because of the delay the Statewide Grievance Committee was not entitled to find probable cause. Because of the harm which might result to the respondent if the proposed grievance were made public but no probable cause existed, the court allowed the respondent to bring the action with the anonymity of the John Doe title.
This court had previously ruled that if the injunction were refused, the respondent's identity would be revealed. While this court does not agree with the respondent that he is entitled to dismissal of the grievance, the court recognizes possible harm if the respondent's identity is revealed and a reviewing court reverses the trial court's decision. Accordingly, the court orders CT Page 11024 that the identify of John Doe not be revealed until the period of appeal of the trial court action has expired. If the appeal period runs without an appeal being filed, John Doe's identity may be revealed. If an appeal is taken from the trial court's action in a timely manner, upon the defendant's request, the trial court will schedule argument to hear the respondent and the Statewide Grievance Committee on the issue of whether or not John Doe's identity should be disclosed during the pendency of the appeal.
THE COURT
KEVIN E. BOOTH, JUDGE